IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROLINE PAULA MORE,

                Plaintiff,

     v.

SAINT MARY'S HOSPITAL, SSM HEALTH,
DR. FRANK BYRNE, DR. JOSHUA REAGLE,
DR. TAL HERBSMAN, ANN, a staff social worker at
SSM, DEAN MEDICAL GROUP, JOY LANE,
GYN VULVAR CLINIC, FITCHBURG POLICE
DEPARTMENT, CHIEF THOMAS BLATTER,                OPINION & ORDER
DANE COUNTY SHERIFF'S DEPT., DANE COUNTY
JAIL, DAVID MAHONEY, JAIL MEDICAL                    17-cv-814-jdp
PERSONNEL through CORRECT CARE SOLUTIONS,
NURSE NICOLE, VP and ASSISTANT GENERAL
COUNSEL LORI SCHWARTZMILLER, JOURNEY
MENTAL HEALTH, BOARD CHAIR MARY
WRIGHT, DANE COUNTY, JOE PARISI,
STATE OF WISCONIN JUSTICE DEPT.,
BRAD SCHIMEL, J.B. VAN HOLLEN, STATE OF
WISCONSIN, and SCOTT WALKER,

                Defendants.

This is the fourth lawsuit that pro se plaintiff Caroline More has filed in this court since the beginning of 2017. Like the other three cases, this one involves allegations against law enforcement officers who arrested More and health-care providers who treated More after she was arrested.

Because More is proceeding *in forma pauperis* under 28 U.S.C. § 1915, her complaint is subject to screening to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Like the complaints More filed in her other others cases, her complaint in this case is not easy to follow. It is a mix of legal argument and allegations that she does not present in chronological order.

I understand More to be raising two claims under federal law. First, she says that medical staff violated her rights under the Health Insurance Portability and Accountability Act, or HIPAA, by disclosing information to her family and law enforcement. Second, she says that jail staff subjected her to unconstitutional conditions of confinement by failing to give her blood thinning medication. Both of these claims fail to state a claim upon which relief may be granted.

HIPAA does not authorize private lawsuits, so even if I assume that health-care staff violated More's rights under that law, she could not sue any of the defendants. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir. 2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010)). Rather, only the Secretary of Health and Human Services can enforce HIPAA. *Franklin v. Wall*, No. 12-cv-614, 2013 WL 1399611, at *2 (W.D. Wis. Apr. 5, 2013) (citing 42 U.S.C. §§ 1320d–5(a)(l), 1320d–6).

As for More's claim about the medical care she received at the jail, the question in the context of a claim brought by a pretrial detainee is whether the defendants' conduct was objectively unreasonable and whether the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions. *Miranda v. Cty. of Lake*, No. 17-1603, — F.3d. —, 2018 WL 3796482, at *11 (7th Cir. Aug. 10, 2018). More's allegations do not meet that standard.

More says that jail staff failed to give her prescribed blood thinning medication, but she does not say that she told any of the defendants that she needed the medication or that they otherwise knew she needed it. In fact, More admits that when jail staff asked her about the

medication, More said, "I'm unclear what you are talking about." She also admits that she decided to "skip" asking for her medication when she later had an opportunity to do so, suggesting that she did not even need it. In any event, a jail staff member does not act unreasonably when he or she fails to administer medication that a detainee does not ask for and the staff member does not otherwise know the detainee needs.

More also makes a passing reference to "[d]iscrimination due to disability status," Dkt. 1, at 6, but she does not actually allege that any of the defendants discriminated against her because of a disability. Rather, she simply alleges that medical staff's conduct was "outside the standard of care." *Id.* As I informed More in one of her other cases, federal disability laws "do[] not create a remedy for medical malpractice," *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996), so she does not state a claim for discrimination.

More also raises number of claims under Wisconsin statutory and common law, but a federal court generally cannot exercise jurisdiction over a state law claim unless it is related to a federal claim that is pending in the same case, 28 U.S.C. § 1367, or the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000 28 U.S.C. § 1332. In this case, I am dismissing all the federal claims, so I decline to exercise jurisdiction under § 1367. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 499 501 (7th Cir.1999) ("[I]t is the well established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). More does not allege that she and defendants are citizens of different states and nothing in the complaint suggests that they are, so I cannot exercise jurisdiction under § 1332 either. *More v. St. Joseph The Workman Cathedral Parish,* No. 13-cv-846 (W.D. Wis. Jan. 9, 2015) (dismissing previous state law claims More filed for lack of jurisdiction because all

parties were citizens of Wisconsin). Accordingly, I will dismiss the state law claims for lack of jurisdiction.

ORDER

IT IS ORDERED that plaintiff Caroline Paula More's federal claims are DISMISSED for failure to state a claim upon which relief may be granted. In accordance with 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over More's state law claims and those claims are DISMISSED without prejudice to More filing them in state court. The clerk of court is directed to enter judgment accordingly.

Entered August 30, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge